UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
ELIAS WERTZBERGER
on behalf of himself and
all other similarly situated consumers

        Plaintiff,

  -against-


SHAPIRO, DICARO & BARAK, LLC

        Defendant.

-----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Elias Wertzberger seeks redress for the illegal practices of Shapiro, DiCaro & Barak, LLC concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Rochester, New York.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Elias Wertzberger*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about July 17, 2019, Defendant sent the Plaintiff a collection letter.

11. Upon information and belief, the said letter was the Defendant's initial communication with the Plaintiff.

12. The July 17, 2019 letter stated in part:

    "The Fair Debt Collections Practices Act entitles you to dispute the debt, or any portion thereof, within thirty (30) days of your receipt of this notice. If you do not dispute the debt within that period, it will be assumed to be valid by this office.

    If you notify us in writing with thirty (30) days of the date you receive this notice that you are disputing the debt or any portion thereof, then this office will obtain and mail to you verification of the debt.

    If you notify us in writing within thirty (30) days of the date you receive this notice, and you request the name of the original creditor if different from the current creditor, then we will obtain and mail you the name and address of the original creditor."

13. Upon receiving the said letter, the Plaintiff called and spoke to a representative from Shapiro, DiCaro & Barak, LLC on July 23, 2019, and attempted to dispute the debt over the phone.

14. The Defendant's representative stated: "if you would like to dispute the debt, you can retain an attorney, or you can go to a housing agency and they can assist you with that."

15. Defendant's representative further stated: "I work for the bank, so I can't walk you through the process [indecipherable]. That would be a conflict of interest; you'd have to get your own counsel, to represent you in this matter."

16. Defendant again stated: "I represent the bank, I don't represent you; so I can't give you legal advice on how to dispute a debt."

17. Upon information and belief, Shapiro, DiCaro & Barak, LLC and its employee as a matter of procedural practice and pattern never intend to follow through with the validation rights they purportedly provide in the initial communication.

18. Upon information and belief, Shapiro, DiCaro & Barak, LLC and its employee intentionally denied the Plaintiff his dispute rights afforded to him under the FDCPA.

19. Upon information and belief, Shapiro, DiCaro & Barak, LLC and its employee wrongfully stated to the Plaintiff that he could not dispute the debt with Shapiro, DiCaro & Barak, LLC but instead, would have to hire an attorney for such matters.

20. Upon information and belief, Shapiro, DiCaro & Barak, LLC and its employee by intentionally denying the Plaintiff and any other debtor to dispute the debt unfairly intimidate and force debtors in to paying disputed debts.

21. The Shapiro, DiCaro & Barak, LLC employee who spoke with Elias Wertzberger intended to speak the said words to the Plaintiff.

22. The acts and omissions of Shapiro, DiCaro & Barak and its employee done in connection with efforts to collect a debt from Plaintiff were done intentionally and willfully.

23. Upon information and belief, Shapiro, DiCaro & Barak, LLC and its employees intentionally and willfully violated the FDCPA and do so as a matter of pattern and practice by not letting any of the class members dispute their alleged debt and by

maintaining that the debtors have to retain counsel and / or go somewhere else, contrary to the FDCPA and the rights given by the Defendant purportedly in the validation notice as quoted above.

24. The Shapiro, DiCaro & Barak, LLC employee further misrepresented himself by informing the Plaintiff that "I work for the bank."

25. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

26. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

27. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

28. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

29. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

30. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

31. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

32. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

33. As an actual and proximate result of the acts and omissions of Shapiro, DiCaro & Barak, LLC and its employees, Plaintiff has suffered actual damages and injury, including but not limited to, fear, stress, mental anguish, emotional stress, acute embarrassment and suffering for which she should be compensated in an amount to be established by a jury at trial.

## **AS AND FOR A FIRST CAUSE OF ACTION**

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

34. Plaintiff re-states, re-alleges and incorporates herein by reference, paragraphs one (1) through thirty three (33) as if set forth fully in this cause of action.

35. This cause of action is brought on behalf of Plaintiff and the members of a class.

36. The class consists of all persons whom Defendant's records reflect resided in the State of New York who communicated with Defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the Defendant denied Plaintiff the right to dispute the debt; and (b) the Defendant made false statements in violation of 15 U.S.C. §§ 1692e, 1692e(8), 1692e(10), 1692f(1) and 1692g.

37. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    A. Based on the fact that a telephonic communication and a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

    C. The only individual issue is the identification of the consumers who had such communications with the Defendant (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

    D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

    E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

38. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

39. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

40. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

41. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

42. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

    A. Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

    C. Any other relief that this Court deems appropriate and just under the circumstances.

### **AS AND FOR A SECOND CAUSE OF ACTION**

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on an individual basis*

43. Plaintiff re-states, re-alleges, and incorporates herein, all paragraphs in this action, that reference the Plaintiff being unable to dispute the alleged debt.

44. That on or about July 23, 2019, the Plaintiff called and spoke to a representative from Shapiro, DiCaro & Barak, LLC.

45. During the call, the Plaintiff attempted to dispute the debt, yet the Defendant would not accept the dispute.

46. Defendant's representative wrongfully stated to the Plaintiff that he could not dispute the debt with Shapiro, DiCaro & Barak, LLC but instead, would have to hire an attorney for such matters.

47. Defendant, by intentionally denying the Plaintiff and any other debtor to dispute the debt unfairly intimidate and force debtors in to paying disputed debts.

### *Violations of the Fair Debt Collection Practices Act*

48. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

49. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff is entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

> A. Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k); And
>
> B. Attorney fees, litigation expenses and costs incurred in bringing this action; and
>
> C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
July 23, 2019

     /s/ Adam J. Fishbein
Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

     /s/ Adam J. Fishbein
Adam J. Fishbein (AF-9508)

July 17, 2019

Elias Wertzberger

RE: Loan Number:     54
    Property:
    SD&B File Number:     72

**NOTICE REQUIRED BY THE FAIR DEBT COLLECTION PRACTICES ACT, 15 USC 1692, ET SEQ.**

The following information is provided to you as required by the Federal Fair Debt Collections Practices Act:

1. As of July 17, 2019, our client has advised us that the amount of the debt is $582,071.67.

2. The creditor to whom the debt is owed is Regions Bank d/b/a Regions Mortgage.

3. The Fair Debt Collections Practices Act entitles you to dispute the debt, or any portion thereof, within thirty (30) days of your receipt of this notice. If you do not dispute the debt within that period, it will be assumed to be valid by this office.

4. If you notify us in writing within thirty (30) days of the date you receive this notice that you are disputing the debt or any portion thereof, then this office will obtain and mail to you verification of the debt.

5. If you notify us in writing within thirty (30) days of the date you receive this notice, and you request the name of the original creditor if that creditor is different from the current creditor, then we will obtain and mail you the name and address of the original creditor.

Because of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, call (585) 247-9000, or write to the address provided below.

Any written requests should be addressed to:

    Shapiro, DiCaro & Barak, LLC
    175 Mile Crossing Boulevard
    Rochester, NY 14624

If your personal liability for this debt has been modified or extinguished by a discharge in bankruptcy, this Notice is provided solely to foreclose the mortgage remaining on your property and is not an attempt to collect the discharged personal obligation

At this time, no attorney with the firm has personally reviewed the particular circumstances of your loan account.

**PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT, YOU ARE ADVISED THAT THIS OFFICE IS DEEMED TO BE A DEBT COLLECTOR. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**