Clerk's Office
Filed Date:

2/1/2021

U.S. DISTRICT COURT
EASTERN DISTRICT OF
NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

ELIAS WERTZBERGER, *on behalf of himself and all other similarly situated consumers*,

                    Plaintiff,

v.

SHAPIRO, DiCARO & BARAK LLC,

                    Defendant.

---------------------------------------------------------------

**MEMORANDUM & ORDER**
19-CV-4272 (MKB)

MARGO K. BRODIE, United States District Judge:

Plaintiff Elias Wertzberger commenced the above-captioned action on July 24, 2019, against Defendant Shapiro, DiCaro & Barak LLC under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA"). (Compl., Docket Entry No. 1.) Plaintiff alleges that Defendant attempted to collect a consumer debt from him in a letter dated July 17, 2019 (the "Collection Letter"), then denied him the right to orally dispute the debt. (*Id.* at 2–8.) In an Amended Complaint filed on July 30, 2019, Plaintiff repeats these allegations and adds that Defendant filed a lawsuit against him on July 19, 2019 (the "State-Court Action"), then attempted to serve process on him in the State-Court Action less than thirty days after he received the Collection Letter, overshadowing the debt validation rights set forth in the Collection Letter in violation of the FDCPA. (Am. Compl., Docket Entry No. 5.)

Defendant moves to strike portions of the Amended Complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, arguing that Plaintiff should have moved to supplement the Complaint under Rule 15(d) of the Federal Rules of Civil Procedure rather than amending the Complaint under Rule 15(a). (Def.'s Mot. to Strike and to Dismiss ("Def.'s Mot."), Docket

Entry No. 17; Mem. in Supp. of Def.'s Mot. ("Def.'s Mem."), Docket Entry No. 17-6.) Defendant also moves to dismiss the Amended Complaint for failure to state a claim under the FDCPA. (Def.'s Mem. 5.) For the reasons set forth below, the Court denies the motions to strike and to dismiss.

**I. Background**

The Court assumes the truth of the factual allegations in the Amended Complaint for the purposes of this Memorandum and Order.

On July 17, 2019, Defendant, a debt collector, sent the Collection Letter to Plaintiff. (Am. Compl. ¶¶ 6, 9–10.) The Collection Letter stated that Plaintiff owed $582,071.67 to Regions Bank doing business as Regions Mortgage. (Collection Letter, annexed to Am. Compl.) It informed Plaintiff that the FDCPA provided him the right to dispute the debt by notifying Defendant in writing within thirty days of receipt and included a telephone number to call "[f]or further information." (Am. Compl. ¶ 12; Collection Letter.)

On July 23, 2019, Plaintiff spoke with a representative for Defendant and "attempted to dispute the debt over the [tele]phone." (Am. Compl. ¶ 13.) The representative told Plaintiff that "if you would like to dispute the debt, you can retain an attorney, or you can go to a housing agency and they can assist you with that." (*Id.* ¶ 14.) The representative explained, "I work for the bank, so I can't walk you through the process . . . . That would be a conflict of interest; you'd have to get your own counsel[] to represent you in this matter," and later repeated, "I represent the bank, I don't represent you[,] so I can't give you legal advice on how to dispute a debt." (*Id.* ¶¶ 15–16.)

Based on this conversation, Plaintiff alleges that Defendant intentionally denied him his FDCPA dispute rights by telling him "that he could not dispute the debt with [Defendant] but

2

instead[] would have to hire an attorney for such matters." (*Id.* ¶¶ 17, 20.) Plaintiff alleges that this statement "was false, deceptive and misleading and counter to the FDCPA."[1] (*Id.* ¶ 17.)

On July 19, 2019, before the thirty-day validation period for the debt expired, Defendant filed the State-Court Action in the Supreme Court of New York, Rockland County. (*Id.* ¶¶ 26–28.) Defendant attempted service of the lawsuit but "failed to explain or clarify in either the dun or a notice provided with the summons and complaint that the commencement of the lawsuit had no effect on the information conveyed in the [Collection Letter]." (*Id.* ¶¶ 29–33.) Plaintiff contends that Defendant failed to conduct "the minimum due diligence required under New York law" and knew or should have known that it had "no factual basis for its abusive actions," which "misstat[ed] the amount, character and legal status of the Plaintiff's debt." (*Id.* ¶¶ 34–35.)

Plaintiff alleges that Defendant's "fraudulent legal action" caused him to incur expenses such as the cost of retaining counsel to defend against the State-Court Action, damaged his credit report, and inflicted non-pecuniary harms such as anxiety. (*Id.* ¶¶ 37–42.)

Plaintiff brings this action individually as well as on behalf of classes of (1) all New York residents who "communicated with Defendant's representatives within one year prior to the date of the . . . complaint," if they were denied their right to dispute the debt or Defendant made false statements; and (2) all New York residents who were sued by Defendants during the thirty-day validation period, if service of the lawsuit overshadowed or contradicted their thirty-day validation rights. (*Id.* ¶¶ 51–53.)

---

[1] Plaintiff alleges that Defendant's employee on the telephone call also misrepresented herself by stating that she worked for the bank. (Am. Compl. ¶ 25.)

## II. Discussion

### a. Standards of review

#### i. Rule 12(b)(6)

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint liberally, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Kim v. Kimm*, 884 F.3d 98, 103 (2d Cir. 2018) (quoting *Chambers v. Time Warner Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)); *see also Tsirelman v. Daines*, 794 F.3d 310, 313 (2d Cir. 2015) (quoting *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997)). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

#### ii. Rule 12(f)

Rule 12(f) of the Federal Rules of Civil Procedure provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored and will not be granted "unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Coach, Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421, 425 (S.D.N.Y. 2010) (quoting *Salcer v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984), *vacated and remanded on other grounds*, 478 U.S. 1015 (1986)); *see also U.S. S.E.C. v.*

*Ahmed*, No. 15-CV-675, 2020 WL 7321401, at *2 (D. Conn. Dec. 11, 2020) ("[M]otions to strike are generally disfavored, even when appropriately applied to the pleadings of a case.") (collecting cases); *Brooklyn Union Gas Co. v. Exxon Mobil Corp.*, --- F. Supp. 3d ---, ---, 2020 WL 5519188, at *3 (E.D.N.Y. Aug. 13, 2020) ("Motions to strike are generally disfavored" (quoting *Coach, Inc.*, 756 F. Supp. 2d at 425); *Walters v. Performant Recovery, Inc.*, 124 F. Supp. 3d 75, 78 (D. Conn. 2015) ("Motions to strike are generally disfavored, but are within the district court's sound discretion." (quoting *Lamoureux v. AnazaoHealth Corp.*, 250 F.R.D. 100, 102 (D. Conn. 2008))).

### b. Defendant's motion to strike

In a declaration accompanying Defendant's motion to dismiss, an attorney familiar with the case states that Plaintiff was served in the State-Court Action after he filed the Complaint in this action. (Decl. of John A. DiCaro ¶¶ 10–11, annexed to Def.'s Mot., Docket Entry No. 17-1.) Defendant argues that the portions of the Amended Complaint describing events after the Complaint was filed — specifically, paragraphs 26 to 47 and 53 — constitute a supplement to the Complaint, which falls within Rule 15(d), rather than a proper amendment pursuant to Rule 15(a). (Def.'s Mem. 6; Def.'s Reply Mem. of Law ("Def.'s Reply"), Docket Entry No. 17-7.) In addition, Defendant argues that Rule 15(d) required Plaintiff to seek leave to file, and because he did not, the proper remedy for this error is to strike the offending paragraphs. (Def.'s Mem. 7; Def.'s Reply 4–7.)

Plaintiff argues that he amended the Complaint once, as a matter of right, pursuant to Rule 15(a)(1). (Pl.'s Opp'n to Def.'s Mot. ("Pl.'s Opp'n") 4, 5–6, Docket Entry No. 18.)

Rule 15(d) of the Federal Rules of Civil Procedure "permits a party to move to serve a supplemental pleading[,] and the district court may grant such a motion, in the exercise of its

discretion, upon reasonable notice and upon such terms as may be just." *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995). "Absent undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility, the motion [to serve a supplemental pleading] should be freely granted." *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Bornholdt v. Brady*, 869 F.2d 57, 68 (2d Cir. 1989) ("An application for leave to file a supplemental pleading is addressed to the discretion of the court, and permission should be freely granted where such supplementation will promote the economic and speedy disposition of the controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any other party.").

If the proposed amended complaint includes allegations about events that occurred after the original complaint was filed, Rule 15(d) rather than Rule 15(a) applies. *See Shubert v. Town of Glastonbury*, No. 18-CV-112, 2020 WL 6395472, at *1 (D. Conn. Nov. 2, 2020) ("Although the plaintiff's motion is styled as a 'motion for leave to amend' and invokes Rule 15(a)(2), it is more properly considered as a motion to supplement the complaint under Rule 15(d) because it seeks to add factual allegations about events postdating the complaint."); *Price v. City of Troy*, No. 12-CV-815, 2014 WL 2926479, at *4 (N.D.N.Y. June 26, 2014) ("[The defendants] correctly assert that the claims . . . are based on incidents that occurred after the original complaint was filed. Thus, defendants correctly assert that the claims are treated more properly in a motion for leave to supplement the complaint under Rule 15(d), rather than as a motion for leave to amend the complaint under Rule 15(a)."). The same substantive standard applies when analyzing a motion under Rules 15(d) and 15(a). *See Porter v. MooreGroup Corp.*, No. 17-CV-7405, 2020 WL 32434, at *8 (E.D.N.Y. Jan. 2, 2020) ("[T]he substantive analysis under Rules 15(a) and 15(d) is the same."); *Riverhead Park Corp. v. Cardinale*, 881 F. Supp. 2d 376, 379

(E.D.N.Y. 2012) ("Where . . . [plaintiffs] seek to add related claims against the same defendants, the analysis under Rule 15(a) and Rule 15(d) is the same."); *Fair Hous. in Huntington Comm. v. Town of Huntington*, No. 02-CV-2787, 2010 WL 4791787, at *7 (E.D.N.Y. Nov. 18, 2010) ("[T]he distinction between [Rules] 15(a) and 15(d) is of little practical significance as the standards used in ruling on a motion to amend or on a motion to supplement are generally the same."); *see also Quaratino*, 71 F.3d at 66 (citing *Foman*, 371 U.S. at 182, which sets forth standards for amending under Rule 15(a), to support the proposition that motions for leave to amend under Rule 15(d) "should be freely granted").

District courts in this circuit have construed motions made under Rule 15(a), but which should have been made under Rule 15(d) (or vice versa), as if they had been brought under the correct rule. *See, e.g.*, *Santos v. E T & K Foods, Inc.*, No. 16-CV-7107, 2017 WL 9256490, at *2 (E.D.N.Y. June 27, 2017) (construing motion to amend under Rule 15(a) as motion to supplement under Rule 15(d) "[b]ecause the retaliatory acts alleged . . . took place after the filing of the [c]omplaint in this action"); *Beckett v. Inc. Vill. of Freeport*, No. 11-CV-2163, 2014 WL 1330557, at *7 (E.D.N.Y. Mar. 31, 2014) (construing motion under Rule 15(a) and Rule 15(d) when plaintiff's motion papers "[did] not clearly articulate" whether plaintiff sought to proceed under both or under Rule 15(a) alone); *Davis v. City of New Haven*, No. 11-CV-1829, 2014 WL 1315660, at *5 (D. Conn. Mar. 30, 2014) (construing motion labeled as "motion to supplement" under Rule 15(a) "because the motion appears to reference events occurring before the original complaint in this case was filed"); *Sookoo v. Heath*, No. 09-CV-9820, 2011 WL 6188729, at *2 (S.D.N.Y. Dec. 12, 2011) ("The petitioner's present motion is more properly considered a motion to amend pursuant to Rule 15(a), rather than a motion to supplement pursuant to Rule 15(d). . . . Accordingly, the present motion should be construed as a motion to amend the

7

original habeas petition under Rule 15(a)."); *Katzman v. Sessions*, 156 F.R.D. 35, 38 (E.D.N.Y. 1994) (finding that plaintiff's filing was "technically categorized under Rule 15(d) of the Federal Rules of Civil Procedure, as opposed to under Rule 15(a)," but that "[t]his distinction . . . is best confined to its nomenclature" because the same rules apply (footnote omitted)); *Westwood v. Cohen*, 838 F. Supp. 126, 132 (S.D.N.Y. 1993) (accepting pleading as an amended complaint where "[d]efendants assert[ed] that the complaint should be dismissed because it is not an amendment of the original complaint . . . but rather is supplemental" and reasoning that "[a]ny misnomer of the additions to the complaint as amendments rather than supplementation constitutes harmless error").

### i. 15(a) amendment

Some events described in paragraphs 26 to 47 and 53 took place before Plaintiff filed the Complaint; as to those paragraphs, Plaintiff amended the Complaint as a matter of right pursuant to Rule 15(a). For example, the suit against Plaintiff in Rockland County Supreme Court was filed on July 19, 2019, five days before this lawsuit was commenced. (Am. Compl. ¶ 26.) As to those paragraphs, Plaintiff properly amended the Complaint as a matter of course before any responsive pleading was filed. (Summons, Docket Entry No. 2); Fed. R. Civ. P. 15(a)(1) ("A party may amend its pleading once as a matter of course within (A) [twenty-one] days after serving it, or (B) if the pleading is one to which a responsive pleading is required, [twenty-one] days after service of a responsive pleading or [twenty-one] days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."); *Twinam v. Dow Chemical Co. (In re Agent Orange Prod. Liab. Litig.)*, 517 F.3d 76, 103 (2d Cir. 2008) ("[A]t the time of [plaintiffs'] motion [to amend], the defendants had not filed an answer to their complaint. Accordingly, [plaintiffs] were entitled to amend their complaint as a matter of right without leave of the district court . . . .").

### ii. 15(d) amendment

It is unclear whether Plaintiff was served in the State-Court Action before or after he filed the Complaint. (*Id.* ¶ 30.) Defendant argues that service took place after the Complaint was filed, (Def.'s Mem. 7), but Plaintiff states that it only occurred during the thirty-day validation period, which encompasses dates before and after the filing of the Complaint, (Am. Compl. ¶ 32). As to any paragraphs that describe events that took place after the Complaint was filed, Plaintiff should have moved to amend under Rule 15(d) rather than amend the Complaint as a matter of right under Rule 15(a)(1).

Regardless, although Plaintiff did not move for leave to amend, which Rule 15(d) requires, the Court construes Plaintiff's filing as seeking leave to amend, grants the application, and declines to strike the offending paragraphs. *See Edo v. Martiny*, No. 15-CV-202, 2017 WL 785653, at *3 (E.D.N.Y. Mar. 1, 2017) (liberally construing "an unauthorized amended complaint" as a motion for leave to amend, then denying it because plaintiff stated no new claims). Plaintiff filed an Amended Complaint six days after filing the Complaint and before Defendant filed a response. (*See* Am. Compl.) Defendant does not state how, if at all, it was prejudiced by the filing of the Amended Complaint. (*See* Def.'s Mem. 6–7.) Further, the events described in the added paragraphs of the Amended Complaint are closely connected to those of the original pleading. *Quaratino*, 71 F.3d at 66 ("[L]eave to file a supplemental pleading should be freely permitted when the supplemental facts connect it to the original pleading."). The Court finds that striking these paragraphs under the circumstances of this case would not further "the just, speedy, and inexpensive determination" of this proceeding. Fed. R. Civ. P. 1; *see also Foman*, 371 U.S. at 181–82 (describing the Federal Rules' "spirit" of favoring "decisions on the merits"); *Slayton v. Am. Exp. Co.*, 460 F.3d 215, 228 (2d Cir. 2006), *as amended*, (Oct. 3, 2006)

("The purpose of 'Rule 15 "is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities. . . ."'  Under Rule 15, the 'central inquiry is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations by the general fact situation alleged in the original pleading.'" (quoting *Siegel v. Converters Transp. Inc.*, 714 F.2d 213, 216 (2d Cir. 1983))).

Accordingly, the Court grants leave to amend and deems the Amended Complaint appropriately filed because it concerns events that are closely related to the original pleading and because Defendant has not alleged that it is prejudiced by the added allegations. *See Katzman*, 156 F.R.D. at 38 (noting that "[t]he plaintiff's [Rule 15(a)] motion . . . is technically categorized under Rule 15(d)," but that the same standard applies to both, and analyzing it); *Soler v. G & U, Inc.*, 103 F.R.D. 69, 73 (S.D.N.Y. 1984) ("Rule 15(d) motions should be viewed with the same liberal principles applicable to Rule 15(a) motions.").

The Court therefore denies Defendant's motion to strike.

    c. **Defendant's motion to dismiss**

Defendant argues that if the Court declines to strike the Amended Complaint, the Court should nevertheless dismiss it on the merits for several reasons. (Def.'s Mem. 10–15; Def.'s Reply 7–8.)  First, because Plaintiff had already exercised his statutory right to dispute the debt orally over the telephone before he was served with papers in the State-Court Action, he had no right to dispute the debt multiple times, (Def.'s Mem. 11–12), and his only remaining right "was to make a written request for the name and address of the original creditor, which Defendant rendered moot [by] including this information" in the summons and complaint served on

Plaintiff, (*id.* at 12).² Second, because Plaintiff had not disputed the debt in writing, pursuant to 15 U.S.C. § 1692g(b), collection activities could continue. (*Id.* at 10–11.) Third, because Plaintiff "was already represented by counsel in the case at bar" in connection with the same debt when he was served in the State-Court Action, the protections of the FDCPA did not apply. (*Id.* at 12–13 (first citing *Gabriele v. Am. Home Mortg. Servicing, Inc.*, 503 F. App'x 89 (2d Cir. 2012); and then citing *Carlin v. Davidson Fink LLP*, 852 F.3d 207, 214 (2d Cir. 2017)). Fourth, Plaintiff was protected by New York's foreclosure laws, (*id.* at 13–15), because the required notices provided in and with the summons and complaint verified the debt, provided the name and address of the original creditor, and advised Plaintiff of his rights, including the right to an attorney, (*id.* at 14), and therefore the FDCPA was not implicated by the State-Court Action.³ (*Id.* at 14–15.)

In response, Plaintiff argues that he has sufficiently alleged that he "was told" by Defendant "that he could not dispute his debt" orally over the telephone in violation of the rule in *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 134 (2d Cir. 2010), and that any of Defendant's statements to the contrary constitute a factual dispute not properly resolved on a motion to

---

² Defendant argues that the Collection Letter did not misrepresent Plaintiff's oral dispute rights because it did not claim that Plaintiff could only dispute the debt in writing. (Def.'s Mem. 7–9; Def.'s Reply 7.) Plaintiff does not dispute the adequacy of the Collection Letter. Instead, Plaintiff argues that Defendant rejected Plaintiff's attempt to dispute the debt over the telephone and that Defendant's actions have overshadowed statements in the Collection Letter. (Pl.'s Opp'n 12–13.)

³ Defendant argues that Plaintiff waived any objection to the argument that state court procedures protected his rights by not addressing it in his opposition to the motion to dismiss. (Def.'s Reply 7–8.) Plaintiff argues that "[t]he filing and attempting to serve a lawsuit overshadows and contradicts [his] validation rights." (Pl.'s Opp'n 14.) Although Plaintiff does not specifically address Defendant's argument, or the additional argument that he could have brought the pleadings in the State-Court action to his attorney in this action as they involve the same debt, based on Plaintiff's responses, the Court finds that Plaintiff did not concede these issues.

dismiss. In addition, Plaintiff argues that the guarantees in the Collection Letter were overshadowed, first by the rejection of Plaintiff's attempt to orally dispute the debt and second by Defendant's commencement of a debt collection lawsuit (and the attempt to serve Plaintiff in that lawsuit) within the thirty-day validation period.[4] (Pl.'s Opp'n 11–16.) Plaintiff also asserts that he "is not represented by counsel in state court" and that there "was no attorney interposed as an intermediary between" him and Defendant.[5] (*Id.* at 15.)

To establish a violation under the FDCPA, "(1) the plaintiff must be a 'consumer' who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt," (2) the defendant must be "considered a 'debt collector,'" and (3) the defendant must have "engaged in any act or omission in violation of FDCPA requirements." *Polanco v. NCO Portfolio Mgmt., Inc.*, 132 F. Supp. 3d 567, 578 (S.D.N.Y. Sept. 23, 2015) (quoting *Plummer v. Atl. Credit & Fin., Inc.*, 66 F. Supp. 3d 484, 488 (S.D.N.Y. 2014)); *see also* 15 U.S.C. § 1692a (defining debt collectors and consumers); *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008) ("[The FDCPA] grants a private right of action to a consumer who receives a communication that violates the Act.").

---

[4] In opposing the motion, Plaintiff alleges that Defendant failed to report his dispute of the debt to the credit bureaus in violation of 15 U.S.C. § 1692e(8). (Pl.'s Opp'n 4.) Defendant argues that the Court should not consider this argument because Plaintiff raised it for the first time in his opposition to the motion to dismiss and it is therefore not properly before the Court. (Def.'s Reply 7.) The Court considers this argument because Plaintiff raised the issue in the Amended Complaint by briefly mentioning alleged violations of section 1692e(8) when defining the first prospective class. (Am. Compl. ¶ 52.).

[5] Although Plaintiff argues that he is not represented by counsel in the Rockland County action, Plaintiff claims in this action the expenses of retaining counsel to defend against the State-Court Action. (Am. Compl. ¶ 40.) Plaintiff contends that he will bear the expenses of hiring counsel in the future, but is not yet represented. (Pl.'s Opp'n 5.)

Section 1692g, entitled "[v]alidation of debts," requires a "debt collector" to furnish a written notice conveying certain information (the "validation notice") to a consumer debtor upon the debt collector's "initial communication with a consumer in connection with the collection of any debt." 15 U.S.C. § 1692g(a); *see also Hart v. FCI Lender Servs., Inc.*, 797 F.3d 219, 224 (2d Cir. 2015) (citing 15 U.S.C. § 1692g(a)). The required contents of the validation notice relate both to the particular debt and to the consumer's rights under the FDCPA: The notice must state the amount of the debt and the name of the creditor to whom the debt is owed, and it must inform the consumer of his right to dispute the debt's validity. *Id.* After receiving a validation notice, the consumer has thirty days to dispute the debt or request the name and address of the original creditor. *Ellis*, 591 F.3d at 134.

### i. Plaintiff adequately alleges that Defendant prevented him from orally disputing the debt

Plaintiff has sufficiently alleged that Defendant prevented him from orally disputing the debt in violation of the FDCPA. *See* 15 U.S.C. § 1692g(a)(3); *Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282, 286 (2d Cir. 2013).

A consumer may orally dispute the validity of a debt under section 1692g(a)(3), as the right to dispute a debt is "the most fundamental of [the rights] set forth in [section] 1692g(a)." *Hooks*, 717 F.3d at 286 (holding that "[section]1692g(a)(3) does not incorporate the writing requirement included specifically in other sections of the same statute," and "giving effect to the difference creates a sensible bifurcated scheme" in which "[d]ebtors can protect certain basic rights through an oral dispute, but can trigger a broader set of rights by disputing a debt in writing").

In the Amended Complaint, Plaintiff alleges that he attempted to dispute the debt over the telephone on July 23, 2019, and was told by Defendant that "if you would like to dispute the

13

debt, you can retain an attorney" and "I can't give you legal advice on how to dispute a debt." (Am. Compl. ¶¶ 13–20.) Plaintiff has alleged that he attempted to exercise his right to dispute the debt orally and, instead of being allowed to do so, was told by Defendant that he needed to retain an attorney in order to successfully dispute the debt. The Court accepts these well-pleaded allegations as true. *See Lynch v. City of New York*, 952 F.3d 67, 74–75 (2d Cir. 2020) ("The court, in deciding a Rule 12(b)(6) motion to dismiss a complaint, is required to accept all 'well-pleaded factual allegations' in the complaint as true." (quoting *Iqbal*, 556 U.S. at 679) (first citing *Twombly*, 550 U.S. at 555; and then citing *Arar v. Ashcroft*, 585 F.3d 559, 567 (2d Cir. 2009) (en banc))). Based on these allegations, the Court finds that Plaintiff has sufficiently alleged that Defendant denied his right to dispute the debt when he attempted to do so in the July 23, 2019 telephone call. *See Rosen v. LJ Ross Assocs., Inc.*, No. 19-CV-5516, 2020 WL 1332145, at *5 (E.D.N.Y. Mar. 23, 2020) (explaining that if collection letters "suggest[ed] that a consumer may only dispute a debt in writing," they would have violated the FDCPA, but examining the letters and concluding they did not); *Rosado v. Enhanced Recovery Corp.*, No. 17-CV-5920, 2019 WL 4686521, at *4 (S.D.N.Y. Sept. 26, 2019) ("By advising [the plaintiff] that more was required in order to dispute the validity of her debt, [the defendant's] notice can be read to imply — at worst — that [the defendant] had rejected [the plaintiff's] attempt to verbally dispute her debt during the March 30, 2017 telephone call, or — at best — that [the plaintiff] needed to take an additional step to formally lodge her dispute."); *Balke v. All. One Receivables Mgmt., Inc.*, No. 16-CV-5624, 2017 WL 2634653, at *7 (E.D.N.Y. June 19, 2017) ("[B]y advising the consumer that any correspondence for this account should be sent to the listed mailing address, [the collection letter] wrongly implies that disputes must be made in writing, and may lead the least sophisticated consumer to believe she has that obligation.").

### ii. Plaintiff sufficiently alleges that the commencement of the State-Court Action constitutes overshadowing

Plaintiff has sufficiently alleged that Defendant's actions overshadowed his thirty-day validation rights.

As noted above, after receiving a validation notice, the consumer has thirty days to dispute the debt or request the name and address of the original creditor. *Ellis*, 591 F.3d at 134. "Any collection activities and communication during the [thirty]-day [debt validation] period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b). A collection activity or communication "overshadows or contradicts the validation notice 'if it would make the least sophisticated consumer uncertain as to her rights.'" *Ellis*, 591 F.3d at 135 (quoting *Jacobson*, 516 F.3d at 89). "[T]he validation notice is overshadowed where a debt collector serves a consumer with process initiating a lawsuit during the validation period, without clarifying that commencement of the lawsuit has no effect on the information conveyed in the validation notice." *Id.* at 136. "If the consumer notifies the debt collector *in writing* within the [thirty]-day period . . . that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection" until the debt collector obtains and mails "verification of the debt or a copy of a judgment, or the name and address of the original creditor" to the consumer. 15 U.S.C. § 1692g(b) (emphasis added); *Oliver v. U.S. Bancorp*, No. 14-CV-8948, 2015 WL 4111908, at *4 (S.D.N.Y. July 8, 2015) ("If within the thirty-day period just described, the consumer in fact notifies the debt collector in writing that the debt is disputed, section 1692g(b) provides for a temporary moratorium on collection efforts.").

Plaintiff does not allege that he attempted to dispute the debt in writing, and, therefore, Defendant was not obligated to cease collection efforts under 15 U.S.C. § 1692g(b). However, Plaintiff plausibly alleges that the particular actions Defendant took to collect the debt — filing a lawsuit in state court and serving him with a summons and complaint but no reaffirmation of his thirty-day validation rights — overshadowed the statutory rights identified in the Collection Letter. Plaintiff alleges that he was served with process in the State-Court Action during the thirty-day validation period, and the documents with which he was served contained no reaffirmation of his dispute rights under the FDCPA. (Am. Compl. ¶ 30.) When Defendant served Plaintiff with the summons and complaint in the State-Court Action, Plaintiff had not succeeded in disputing the debt as he attempted to do so orally and was unsuccessful. Under these circumstances, Plaintiff has alleged that Defendant's actions overshadowed the rights stated in the Collection Letter.[6] *See Ellis*, 591 F.3d at 136.

---

[6] In support of its argument that service in the State-Court Action did not overshadow Plaintiff's rights as specified in the Collection Letter, Defendant argues that service on Plaintiff was not complete during the validation period because the service affidavit was filed on August 15, 2019, and service was deemed complete under New York law ten days after the service date, and only then did Plaintiff's time to interpose an answer begin to run. (Def.'s Mem. 13.) The Court finds this argument unpersuasive because the completion date of service has no bearing on whether Plaintiff's debt validation rights were overshadowed by him *receiving* the summons and complaint, which occurred during the thirty-day validation period. *See Ellis*, 591 F.3d at 136 (holding that the consumer's thirty-day validation rights were overshadowed when the plaintiff received a summons during the thirty-day validation period, the alleged overshadowing act was the plaintiff's personal receipt of the summons and complaint, and the return date on the summons was after the validation period expired). The Court also finds unpersuasive Defendant's argument that because Plaintiff had already disputed the debt, he had no remaining FDCPA rights that he could have exercised and, further, the summons and complaint in the State-Court Action included "the name and address of the original creditor," the only other request Plaintiff was entitled to make under the FDCPA. (Pl.'s Opp'n 12.) As noted above, Plaintiff never successfully exercised his right to dispute the debt.

### iii. The FDCPA applies to Defendant's action of having Plaintiff served with the pleadings in the State-Court Action

The FDCPA's protections applied to Plaintiff when Defendant caused him to be served in the State-Court Action.

"Where an attorney is interposed as an intermediary between a debt collector and a consumer, [courts] assume the attorney, rather than the FDCPA, will protect the consumer from a debt collector's fraudulent or harassing behavior." *Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002). In general, "statements made and actions taken in furtherance of a legal action are not, in and of themselves, exempt from liability under the FDCPA," *Gabriele*, 503 F. App'x at 95, but are analyzed, like all statements potentially covered by the FDCPA, under the "least sophisticated consumer" standard, *see Ellis*, 591 F.3d at 135.

In support of their arguments, the parties focus on two cases in which a consumer was being sued in state court and received another debt collection notice. *Gabriele*, 503 F. App'x at 92; *Carlin*, 852 F.3d at 214–15. In *Gabriele*, the Second Circuit held that the defendant debt collector's allegedly misleading statements and actions in the state foreclosure action did not violate the FDCPA, even though the plaintiff alleged that the debt collector's filings were "false, deceptive, unfair, or harassing." *Gabriele*, 503 F. App'x at 92. The Court held that the filings did not give rise to an FDCPA claim "[w]ithin the context of an adversary proceeding in state court between two represented parties" because "the least sophisticated consumer, particularly represented by counsel" would not have been misled by the debt collector's alleged misstatements. *Id.* at 95–96. In *Carlin*, the Second Circuit held that the FDCPA applied to a collection letter given directly to a debtor who had an attorney in a foreclosure action. *Carlin*, 852 F.3d at 214–15. The court noted that the collection letter "was not sent in connection with the foreclosure proceeding" for which counsel was retained and made no mention of the

17

proceeding which distinguished the case from the cases the defendant cited in which the FDCPA did not apply because those cases "all involve[d] representations made to an attorney representing the debtor, usually in the context of a formal proceeding." *Id.* (first citing *Gabriele*, 503 F. App'x at 92; then citing *Simmons v. Roundup Funding, LLC*, 622 F.3d 93, 95 (2d Cir. 2010); and then citing *Kropelnicki*, 290 F.3d at 123).

Like the plaintiff in *Carlin* who was protected by the FDCPA where the defendant sent a collection letter to the plaintiff even though the plaintiff was represented by counsel, the protections of the FDCPA apply in this case, where Defendant had the summons and complaint from the State-Court Action delivered to Plaintiff rather than to Plaintiff's attorney.[7] *See Carlin*, 852 F.3d at 215 (noting that FDCPA protections applied where the collection letter was sent directly to the plaintiff). In contrast, in *Gabriele*, the representations that allegedly violated the FDCPA were made to an attorney or were contained in documents filed on the docket in an ongoing litigation. 503 F. App'x at 95–96. Even if Plaintiff was able to consult an attorney about the summons and complaint soon after he received it, the overshadowing act — service of that summons and complaint — was done directly to him and cannot be cured by the later assistance of counsel. *See Arroyo v. Solomon & Solomon, P.C.*, No. 99-CV-8302, 2001 WL 1590520, at *12 (E.D.N.Y. Nov. 16, 2001) (explaining that "[t]he FDCPA is a strict liability statute and the degree of a defendant's culpability may only be considered in computing

---

[7] Although the parties dispute whether Plaintiff had counsel advising him when he was served in the State-Court Action — Plaintiff states that he is not represented by counsel in state court, (Pl.'s Opp'n 5), while Defendant states that Plaintiff was adequately represented because he was served in the State-Court Action after he retained counsel to defend him in this action, (Def.'s Mem. 5) — the parties agree that the summons and complaint was served on Plaintiff, not an attorney.

18

damages," and "under typical circumstances, a debt collector cannot cure a violation of [the FDCPA]" (quoting *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993)).

### iv. State-court procedural protections do not undermine Plaintiff's FDCPA overshadowing claim

The procedural protections available to Plaintiff in state court do not undermine his overshadowing claim.

In general, substantively misleading filings made in court can be addressed through in-court remedies, even if the legal proceeding concerns a debt covered by the FDCPA. *See Simmons*, 622 F.3d at 95–96 (holding that "filing a proof of claim in bankruptcy court . . . cannot serve as the basis for an FDCPA action" because bankruptcy courts have remedies for wrongfully filed proofs of claim). However, "statements made and actions taken in furtherance of a legal action are not, in and of themselves, exempt from liability under the FDCPA." *Gabriele*, 503 F. App'x at 95.

Plaintiff's overshadowing claim concerns *when* he received the summons and complaint in the State-Court Action. Plaintiff argues that his receipt of the summons and complaint overshadowed his FDCPA rights, an issue that is separate from the foreclosure proceedings in state court.[8] Plaintiff's interest in not having his right to dispute the debt overshadowed is not adequately protected by the state court foreclosure proceedings. *See Ellis*, 591 F.3d at 136 ("[T]he validation notice is overshadowed where a debt collector serves a consumer with process

---

[8] The Amended Complaint includes substantive criticisms of Defendant's filings in the State-Court Action. (*See* Am. Compl. ¶¶ 34–35 (contending that Defendant failed to conduct "the minimum due diligence required under New York law" and knew or should have known that it had "no factual basis for its abusive actions," which "misstat[ed] the amount, character and legal status of . . . Plaintiff's debt").) The Court does not construe the Amended Complaint as contending that Defendant's filings or other activity in the State-Court Action give rise to an FDCPA cause of action.

initiating a lawsuit during the validation period, without clarifying that commencement of the lawsuit has no effect on the information conveyed in the validation notice.").[9]

### III. Conclusion

For the foregoing reasons, the Court denies Defendant's motions to strike and to dismiss.

Dated: January 31, 2021
       Brooklyn, New York

SO ORDERED:

          s/ MKB
MARGO K. BRODIE
United States District Judge

---

[9] Defendant attempts to distinguish *Ellis* by arguing that the summons and complaint in the State-Court Action provides all the information that could have been obtained by Plaintiff had he disputed or asked to verify the debt, and Defendant further argues that New York law provides more robust consumer protections than were available to the Connecticut-based plaintiff in *Ellis*. (Def.'s Mot. 14–15; Def.'s Reply 8.) However, regardless of the information Plaintiff may have received in the State-Court Action, his claim is not moot because he was unable to dispute the debt. *See Parents Involved in Cmty. Sch. v. Seattle Sch. Dist. No. 1*, 551 U.S. 701, 720 (2007) (explaining that the case was not moot because "[the plaintiff] sought damages in her complaint, which is sufficient to preserve [the court's] ability to consider the question").